THE PORT RICHMOND AND PROHIBITION PARK ELECTRIC RAILROAD COMPANY, Appellant, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Respondent.

At the time of plaintiff's incorporation the tracks of a railroad company, authorized to operate a street surface railroad, crossed those of defendant's steam railroad at grade.  Said company, through its receiver, leased to plaintiff the right to run its cars over that portion of the lessor's line which so crossed defendant's tracks.  Plaintiff operates its road by means of the trolley or overhead system of electric power.  Defendant maintained at the crossing a gate on each side of its tracks, operated between two posts connected by a chain at the top ; this prevented plaintiff's cars from passing over the crossing.  In an action to compel the removal of the chain and to restrain defendant from interfering with the operation of plaintiff's road, it appeared that for about four months, pending negotiations for an agreement between the parties, plaintiff was permitted temporarily to operate its road over defendant's tracks; but when negotiations were broken off the permission was revoked.  *Held,* that the burden rested upon plaintiff of proving its legal right to operate its road across defendant's tracks, and this it failed to do ; that the right of its lessor, if any, was simply to operate a street surface railroad, and it could confer no greater right upon plaintiff; and that plaintiff's use of the crossing by defendant's permission for four months had not ripened into a right.

Reported below, 71 Hun, 179.

(Argued December 20, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1893, which affirmed a judgment in favor

of defendant entered upon an order dismissing the complaint on trial at Circuit.

This action was brought to require defendant to remove obstructions in the operation of plaintiff's road, and to enjoin it from interfering with plaintiff's road, cars, trolley and wires at a certain crossing on defendant's road, by erecting or maintaining a gate there or otherwise.

The facts, so far as material, are stated in the opinion.

*Alexander S. Bacon* for appellant. Plaintiff's cars have rights on the highway; defendant's gate has only a privilege there. The orderly way for the defendant to have proceeded would have been to move for the appointment of commissioners. But, if this were a proceeding before commissioners, we should contend that the defendant is not entitled to any compensation for its gate; that, as a matter of law, the defendant would be required to remove its gate as an obstruction on the highway; that, as a matter of strict legal right, the plaintiff had a right to run its cars, and that any structure like the defendant's gate found on the highway is there only by sufferance or privilege, and would have to be removed. (*H. R. T. Co.* v. *W. T. & R. R. Co.*, 135 N. Y. 393.) The plaintiff has a right to operate its road. The defendant obstructs the running of its cars and maintains the obstructions by violence. An injunction herein is a strict legal right. (135 N. Y. 393.)

*Tracy, Boardman & Platt* for respondent. The plaintiff's only remedy is to apply to the court for the appointment of commissioners under the Railroad Law. (*L. & B. R. R. Co. Case*, 19 Hun, 38; 77 N. Y. 557; 79 id. 64; 44 Hun, 215.)

BARTLETT, J. The route of the plaintiff's electric railroad crosses the track of the defendant's steam railroad at grade.

The plaintiff operates its road by means of the trolley, or overhead system, of electric power, between Bergen Point ferry in the village of Port Richmond and Prohibition Park in the village of New Brighton.

At the time the plaintiff was incorporated a corporation

known as the Staten Island Belt Line Railroad Company was authorized to operate a street surface railroad, and its tracks crossed those of the defendant at grade in the village of Port Richmond.

This corporation, through its receiver, leased to the plaintiff the right to run its cars over that portion of the Belt Line Company track that crossed the defendant's tracks at grade on a street known as the Shore road.

The defendant maintained at this crossing a gate on each side of the track, which was operated between two posts connected by a chain at the top, which was fifteen feet eleven inches above the surface.

The plaintiff's trolley cars were obliged to pass between these posts in running over the Belt Line tracks, and the presence of this chain rendered it impossible.

The plaintiff seeks in this action, among other things, the removal of the chain and a permanent injunction restraining the defendant from interfering with plaintiff in the operation of its road.

The plaintiff's contention, in brief, is, that under its lease from the Belt Line Company, and the subsequent permission of the defendant, it is entitled to operate its road across the tracks of the defendant without interference.   The defendant insists that the plaintiff has never acquired the legal right to cross its tracks.

The trial court, in the seventh and eighth findings of fact, finds substantially that the plaintiff, pending negotiations for an agreement, was permitted to operate its road temporarily over the defendant's tracks by courtesy, and when the negotiations were broken off the permission was revoked.

The proofs in this case are very meagre, but it cannot be said that the findings referred to are unsupported by any evidence.

The plaintiff rested under the burden of proving its legal right to operate its railroad across the tracks of the defendant at grade.

The Belt Line Company, the lessor of the plaintiff, if it had

more than a permissive right from the defendant, was authorized to operate a street surface railroad, which would, of course, not interfere with the defendant's gates and overhead chain.

This corporation, through its receiver, could not confer on the plaintiff any greater rights than it had.

As to plaintiff's contention that its four months use of the crossing by permission of the defendant had ripened into an absolute legal right, it is sufficient to say that the findings of fact already referred to, show this position to be untenable.

It, therefore, follows that the plaintiff has failed to establish that, either by agreement between the parties, or by authority of law, it is entitled to cross the defendant's tracks at grade and compel the removal of the obstructive gate chain.

We do not pass upon the merits of this case, nor upon the legal remedies of the parties; these questions are not presented for our consideration.

The judgment appealed from should be affirmed, with costs.

All concur, except Haight, J., not sitting.

Judgment affirmed.